IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL J. PETERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL NO. 04-844-WDS |
| ) | |
| MARK BEZY, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is a Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson, that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed and that petitioner's motion for summary judgment be denied. Petitioner has filed objections to the recommendation; therefore, pursuant to 28 U.S.C. § 636(b)(1), the Court will review *de novo* those portions of the recommendation to which a written objection was made.

In this action, petitioner seeks to challenge disciplinary proceedings that resulted in the loss of good time credits. The facts of this case are thoroughly set forth in the Report and Recommendation, and familiarity with the facts is presumed. Specifically, petitioner claims that: (1) his due process rights were violated in that the Bureau of Prisons did not follow its own regulations when it disallowed 292 days of non-vested good conduct time; (2) his First Amendment rights were violated when he was punished for engaging in non-threatening protected speech; (3) BOP policies were violated in that the incident reports were not timely written; and (4) the incident reports were written in retaliation for filing grievances and refusing

to change his religious affiliation.

The magistrate judge recommends that the petition be dismissed without prejudice because the petitioner failed to exhaust his administrative remedies. The magistrate judge also recommends that petitioner's motion for summary judgment, based on the ground that respondent has not filed an answer, be denied, as respondent has in fact filed an answer.

Petitioner has filed objections to the Report and Recommendation. Only one objection warrants discussion, specifically, petitioner's assertion that he did exhaust his remedies; the other objections speak to the merits of the case, and the Court need not reach the merits should the case be dismissed for failure to exhaust administrative remedies.

Here, petitioner simply states that "[administrative remedy] was filed. My arguments deserve to be heard in the court of law." This argument is insufficient to overcome the magistrate judge's reasoning on this issue. Based upon the following facts, the magistrate judge concluded that petitioner did not exhaust his administrative remedies:

> Peterson appealed the decision of the DHO [Discipline Hearing Officer] on the first incident report (#1163739), prepared by Krueger, on December 2, 2003 (Pet. Ex. 5). In this appeal, Peterson asserted that a conviction for threatening and insolence based on the same incident violates the Double
> Jeopardy Clause (Pet. Ex. 5). He further contended that while the letter may have had a "threatening tone," no actual threat was communicated (Pet. Ex. 5). In response, the Regional Director, G. L. Hershberger, affirmed the DHO's findings and penalties on January 6, 2004 (Pet. Ex. 5 at p. 3). Peterson filed a subsequent appeal to the General Counsel's Office, on January 20, 2004, because Director Hershberger did not address his double jeopardy claim (Pet. Ex. 6). In denying this subsequent appeal, Harrell Watts, the Administrator of the National Inmate Appeals, indicated on March 25, 2004 that the Double Jeopardy clause does not apply (Pet. Ex. 6 at p. 2).
>
> Peterson also appealed the decision of the DHO on the second incident report (#1164412), prepared by Dillon, on December 14, 2003 (Pet. Ex.

5A at pp. 2-3). In this appeal, Peterson raised the same issues as above and also raised an issue concerning excessive penalties (Pet. Ex. 5A at pp. 2-3). This appeal also was denied by Director Hershberger on January 15, 2004 (Pet. Ex. 5A at p. 1). Peterson's February 1, 2004 appeal to the General Counsel's Office was returned to him, without consideration, because all copies of the form were illegible (Pet. Ex. 6A). There is no indication in the record that the General Counsel's Office considered the appeal any further.

The Respondent argues that the only claim that Peterson had exhausted was with respect to Krueger's incident report and only with respect to the claim that the Double Jeopardy clause was violated. The Respondent notes that Peterson did not complain about the punishment imposed, a First Amendment violation, a violation of BOP policies concerning the timeliness of the filing of the incident report, or his contention that the incident report was filed in retaliation. In addition, the Respondent argues that Peterson did not exhaust his administrative remedies with respect to the incident report filed by Dillon as he failed to submit his appeal to the General Counsel's Office.

Here, based upon the foregoing, the Court agrees that petitioner did not exhaust his administrative remedies with respect to the claims presented in his petition.

Accordingly, the Court **OVERRULES** petitioner's objections, **ADOPTS** the Report and Recommendation, and **DISMISSES** the petition without prejudice.  Petitioner's motion for summary judgment is **DENIED**.  Mark Bezy shall be substituted for Darlene Veltri as the respondent in this action.

**IT IS SO ORDERED.**

**DATED:   March 8, 2006.**


                                        s/ WILLIAM D. STIEHL
                                           **DISTRICT JUDGE**